Chen v. Holder

BIA
Chase, IJ
A097 949 749

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of January, two thousand ten.

**PRESENT:**

> **DENNIS JACOBS,**
> > *Chief Judge,*
> **GUIDO CALABRESI,**
> **DEBRA ANN LIVINGSTON,**
> > *Circuit Judges.*

---

**GUANG CHEN,**

> *Petitioner,*

> **v.**

> **ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,**[1]

> *Respondent.*

08-4773-ag

NAC

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Steven A. Mundie, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Francis W. Fraser, Senior Litigation Counsel, W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Guang Chen, a native and citizen of the People's Republic of China, seeks review of an August 29, 2008 order of the BIA affirming the February 27, 2007 decision of Immigration Judge ("IJ") Jeffrey S. Chase, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guang Chen*, No. A097 949 749 (B.I.A. Aug. 29, 2008), *aff'g* No. A097 949 749 (Immig. Ct. N.Y. City Feb. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S.*

2

*Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Because Chen filed his asylum application after May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 apply to his asylum application. *See* Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005). For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007).

Substantial evidence supports the agency's adverse credibility determination. The BIA affirmed the IJ's adverse credibility determination based on three

discrepancies between Chen's testimony and his asylum application. Under the REAL ID Act, the IJ properly relied on those inconsistencies. *See* 8 U.S.C.§ 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Although Chen attempts to explain his inconsistent testimony in his opening brief, he failed to present those explanations before the BIA, and we will not consider them in the first instance. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1(b), 119-20 (2d Cir. 2007).

Because the IJ's adverse credibility determination was supported by substantial evidence, we need not reach his alternative finding that, even assuming Chen's credibility, he failed to meet his burden of proof.

As the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal because both claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Chen does not challenge the agency's denial of his CAT claim in his brief to this Court.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____